# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **L.T., J.T.-1, and B.T.**

**No. 22-840** (Randolph County CC-42-2021-JA-89, CC-42-2021-JA-90, and CC-42-2021-JA-91)

## MEMORANDUM DECISION

Petitioner Father J.T.-2[1] appeals the Circuit Court of Randolph County's October 19, 2022, order terminating his parental rights to the children, L.T., J.T.-1, and B.T.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In December 2021, the DHHR filed a petition alleging that petitioner physically abused L.T. based on injuries observed by the child's teacher and school nurse. L.T. came to school presenting injuries including a busted lip, bruises, swelling, and cuts on his face. Petitioner was in jail awaiting trial on the charge of child abuse resulting in bodily injury throughout the pendency of the abuse and neglect case.

The court held an adjudicatory hearing in August 2022 and heard testimony from L.T.'s Head Start teacher, the school's registered nurse, and a Child Protective Services ("CPS") worker. The teacher testified that when L.T. arrived at school with visible injuries, the child said to her, "my daddy do this to me." The teacher took him to the school nurse, who observed the same injuries and additionally noticed bruises in different stages of healing. Photos of the child's injuries were submitted into evidence with no objection by petitioner. According to the CPS worker, the mother disclosed that petitioner had been violent toward her and the children on prior occasions. Petitioner did not present any witnesses and elected not to testify to protect his Fifth Amendment right against self-incrimination in the parallel criminal case. Based on the evidence presented, the

---

[1]Petitioner appears by counsel Stephen B. Nanners. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Gregory R. Tingler appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and petitioner share the same initials, we will refer to them as J.T.-1 and J.T.-2, respectively.

court found that petitioner inflicted physical harm upon L.T. and adjudicated petitioner as an abusive and neglectful parent regarding all the children.

The court proceeded to disposition in September 2022, at which time the DHHR and the guardian supported termination of petitioner's parental rights. Petitioner again chose not to testify due to the pending criminal case. Petitioner's counsel advised the court that petitioner was not requesting an improvement period because he believed that the DHHR had not met its burden of proof at adjudication. Because no improvement period was requested, the court found that petitioner "does not believe that there is anything that he did that was inappropriate and that he has no deficits as a parent which could be addressed with an improvement period." The court further found that petitioner had "taken up no effort in defense" and had not recognized the conditions of abuse and neglect. Moreover, the court noted that petitioner was in jail on felony charges relating to the facts and circumstances of this case. Therefore, the court found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and, in consideration of the dispositional alternatives, it was for the best interests and welfare of the children to terminate petitioner's parental rights.[3] This appeal followed.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in adjudicating him as an abusive and neglectful parent because the DHHR failed to prove conditions of abuse and neglect by clear and convincing evidence. We find, however, that the evidence was sufficient to support petitioner's adjudication.

This Court has held that,

"[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W. Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Further, "[c]lear and convincing evidence means that more than a mere scintilla of evidence has been presented to establish the veracity of the allegations of abuse and/or neglect, but it does not impose as exacting an evidentiary burden as criminal proceedings, which generally require proof beyond a reasonable doubt." *In re A.M.*, 243 W. Va. 593, 598, 849 S.E.2d 371, 376 (2020). Finally, West Virginia Code § 49-1-201 defines "abused child" as

[a] child whose health or welfare is being harmed or threatened by . . . [a] parent . . . who knowingly or intentionally inflicts, attempts to inflict, or knowingly

---

[3]The mother's rights were also terminated. The permanency plan for the children is adoption in the current placement.

2

allows another person to inflict physical injury or mental or emotional injury upon the child or another child in the home.

Here, the record clearly demonstrates that the court's findings were sufficient to support adjudication. Despite petitioner's argument that the DHHR failed to prove this was not an isolated incident of corporal punishment, both the teacher and the school nurse observed L.T.'s various injuries. Importantly, the nurse observed bruises in different stages of healing, indicating prior instances of abuse. Photos of the child were admitted to evidence and were consistent with the injuries described by the teacher and nurse. Contrary to petitioner's arguments on appeal, the DHHR is not required to present expert testimony to meet its burden under the above-cited case law, which states that the statute does not specify any particular manner or mode of testimony required. *See* Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997). Further, petitioner did not testify in the proceeding, which the court is permitted to consider as evidence of culpability. *See* Syl. Pt. 2, *W. Va. Dep't of Health & Hum. Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 475 S.E.2d 865 (1996).

Based on the forgoing, we find that there was clear and convincing evidence that petitioner physically abused L.T., thereby demonstrating that all the children in the home were abused children in accordance with the statutory definition of an abused child. Therefore, we find the court did not err in adjudicating petitioner.

We likewise find no error in the court's order terminating petitioner's parental rights. The court found that petitioner did not recognize the abuse he perpetrated on the children. In that regard, we have previously held,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Therefore, the court correctly found that there was no reasonable likelihood that the conditions of abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was in the best interests of the children. Because the court had ample evidence upon which to make these findings, we find no error in the termination of petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of abuse can be substantially corrected in the near future and when necessary for the child's welfare).

Accordingly, for the foregoing reasons, we find no error in the decision of the circuit court, and its order of October 19, 2022, is hereby affirmed.

Affirmed.

3

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn